UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VLAD GOLDENBERG,

                Plaintiff,

-against-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                Defendant.

------------------------------------------------------------X

**ORDER**

**10-CV-1991 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

On April 12, 2010, plaintiff pro se Vlad Goldenberg ("Plaintiff" or "Goldenberg") brought this declaratory judgment action against the United States Citizenship and Immigration Services ("Defendant" or "USCIS") under 8 U.S.C. § 1503 and 28 U.S.C. § 2201, alleging that Defendant denied him the rights and privileges to which he is entitled as a national of the United States. (Compl. (Docket Entry # 1) at 1, 14.) Specifically, Goldenberg challenges Defendant's February 18, 2010 determination that he is not a derivative United States citizen, and thus not entitled to a Certificate of Citizenship. (Compl. Ex. C; Kolbe Decl. (Docket Entry # 20) Ex. L.) While this action was pending, the Department of Homeland Security instituted removal proceedings against Goldenberg by serving a Notice to Appear on Goldenberg on May 27, 2010, and filing it with the immigration court in York, Pennsylvania on August 18, 2010. (Kolbe Decl. Ex. M.)

By letter dated March 31, 2011, Defendant advised the court that, during Plaintiff's removal proceeding, Immigration Judge Andrew R. Arthur granted Plaintiff an adjustment to refugee status on March 23, 2011. (Docket Entry # 24.) Defendant has previously advised the court that such an adjustment may be given retroactive effect by the USCIS and, as a result,

1

Plaintiff may be deemed a derivative citizen of the United States by the USCIS. (USCIS Mem. (Docket Entry # 20-1) at 12 n.7.) Defendant now requests that the court dismiss and remand Plaintiff's declaratory judgment action to the USCIS so that it may have the opportunity to reconsider its denial of Plaintiff's application for a Certificate of Citizenship. (Remand Mot. (Docket Entry # 26) at 2-3.)

No remand is necessary (or possible), however, because the present action is not an appeal of the USCIS's determination, but a collateral challenge to it. Plaintiff's declaratory judgment action under 8 U.S.C. § 1503(a) asks this court to make a de novo determination of Plaintiff's citizenship and declare him a citizen of the United States. See Kahane v. Shultz, 653 F. Supp. 1486, 1487 (E.D.N.Y. 1987); see also Richards v. Sec'y of State, 752 F.2d 1413, 1417 (9th Cir. 1985) ("A suit under section 1503(a) is not one for judicial review of the agency's action. Rather, section 1503(a) authorizes a de novo judicial determination of the status of the plaintiff as a United States national."). While USCIS's determination that Plaintiff is not a citizen was a prerequisite to Plaintiff's ability to file an action under § 1503(a), the institution of this action did not divest USCIS of the authority to revisit its own determination of Plaintiff's citizenship under the immigration laws and applicable implementing regulations. Put more simply, there is nothing for the court to remand to Defendant, and nothing preventing USCIS from reconsidering its denial of Plaintiff's application.

While dismissal and remand are unnecessary to permit USCIS to reconsider its denial of Plaintiff's application, the court acknowledges that, if USCIS were to grant Plaintiff's application for a Certificate of Citizenship, Plaintiff would obtain substantially all the relief he seeks in this action. Accordingly, the interests of justice and the efficient use of scarce judicial resources are best served by holding the parties' motions in abeyance while USCIS reconsiders

its denial of Plaintiff's application for a Certificate of Citizenship.

Defendant's motion to remand the action to USCIS is DENIED. However the parties' motions will be held in abeyance until such time as USCIS issues a new decision on Plaintiff's application for a Certificate of Citizenship. Defendant shall advise the court of USCIS's decision when it is issued, and in any event, shall update the court on the status of USCIS's reconsideration no later than June 22, 2011.

SO ORDERED.

Dated: Brooklyn, New York
April 22, 2011

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge